1  JAMES A. SARRAIL, ESQ. (SBN 43075)
   MONICA CASTILLO, ESQ. (SBN 146154)
2  SARRAIL, CASTILLO & HALL, LLP
   111 Anza Blvd., Suite 203
3  Burlingame, CA 94010
   Telephone:  (650) 685-9200
4  Facsimile:    (650) 685-9206

5  Attorneys for Plaintiff Richard Johnson

6

7

8                    UNITED STATES DISTRICT COURT

9        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
   RICHARD JOHNSON,                    )   Case No.:
11                                      )
              Plaintiff,                )   **COMPLAINT FOR PRELIMINARY AND**
12                                      )   **PERMANENT INJUNCTIVE RELIEF**
   MICHAEL HUNGCHING TAO; and          )   **AND DAMAGES: DENIAL OF CIVIL**
13 DOES 1-10, Inclusive,               )   **RIGHTS AND ACCESS TO PUBLIC**
                                        )   **FACILITIES TO PHYSICALLY**
14            Defendants.               )   **DISABLED PERSONS, PER**
                                        )   **CALIFORNIA STATUTES (INCLUDING**
15                                      )   **CIVIL CODE §§ 51, 52, 54, 54.1, 54.3,**
                                        )   **54.4 AND 55), INJUNCTIVE RELIEF**
16                                      )   **PER TITLE III, AMERICANS WITH**
                                        )   **DISABILITIES ACT OF 1990**
17                                      )
                                        )   **DEMAND FOR JURY TRIAL**
18 _____       )
                                        )
19

20
        Plaintiff, RICHARD JOHNSON ("JOHNSON") complains of defendants MICHAEL
21
   HUNGCHING TAO; and DOES 1-10 (collectively, "DEFENDANTS"), inclusive, and each of
22
   them, and alleges as follows:
23
   **A. INTRODUCTION**
24
        1. This case involves the denial of accessible public facilities to JOHNSON and other
25
   disabled persons at the location at 4966 El Camino Real, Los Altos, CA 94022 ("LOS
26
   ALTOS OFFICE PLAZA"). JOHNSON, a qualified disabled person, experienced numerous
27
   barriers to access as a result of the access violations at LOS ALTOS OFFICE PLAZA,
28

   **COMPLAINT**                                                              1

1  including but not limited to the parking, path of travel, and interior use. JOHNSON has been
2  a disabled individual since an accident left him paraplegic in or about July 2009 and is a
3  "person with a disability" or a "physically handicapped person". JOHNSON uses a
4  wheelchair when ambulating and is unable to use portions of public facilities which are not
5  accessible to disabled persons, including those who use a wheelchair. JOHNSON was
6  denied his rights to full and equal access at these facilities, and was denied his civil rights
7  under both California law and federal law, because this facility was not, and is not now,
8  properly accessible to physically disabled person, including those who use a wheelchair.
9  JOHNSON seeks injunctive relief to require DEFENDANTS to make this facility accessible
10  to disabled persons and to ensure that any disabled person who attempts to use LOS
11  ALTOS OFFICE PLAZA will be provided properly disabled-accessible facilities. JOHNSON
12  also seeks recovery of damages for his discriminatory experiences and denial of access
13  and civil rights, which denial is continuing as a result of DEFENDANTS' failure and refusal
14  to provide disabled-accessible facilities. JOHNSON also seeks recovery of reasonable
15  statutory attorney fees, litigation expenses and costs.

16  **B. JURISDICTION**

17          2. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations
18  of the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. Pursuant to pendant
19  jurisdiction, attendant and related causes of action arising from the same facts are also
20  brought under California law, including but not limited to violations of California Government
21  Code §§4450 et seq, California Civil Code §§51, 52, 54, 54.1, 54.4 and 55; and Title 24
22  California Code of Regulations.

23  **C. VENUE**

24          3. Venue is proper in this court pursuant to 28 USC §1391(b)and is founded on the
25  fact that the real property which is the subject of this action is located in this district, that
26  JOHNSON resides in this district and that JOHNSON's causes of action arose in this
27  district.

28

---

**COMPLAINT**                                                                                          2

1    D. **INTRADISTRICT**

2        4. This case should be assigned to the San Jose intradistrict as the real property

3    which is the subject of this action is located in this intradistrict and JOHNSON's causes of

4    action arose in this district.

5    E. **PARTIES**

6        5. Plaintiff, RICHARD JOHNSON, is a qualified physically disabled person who has

7    been disabled since an accident left him paraplegic in or about July 2009 and is a "person

8    with a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when

9    ambulating , and is a "disabled" person within the meaning of Civil Code §54 and §54.1.

10   Defendants, MICHAEL HUNGCHING TAO; and DOES 1-10, inclusive, are the owners,

11   subsidiaries, operators, lessors and lessees of the business property, buildings and/or

12   portions thereof located at 4966 El Camino Real, Los Altos, CA 94022 ("LOS ALTOS

13   OFFICE PLAZA"). LOS ALTOS OFFICE PLAZA is a "public accommodation" and "business

14   establishment" subject to the requirements of California Civil Code §§51 et seq and  §§54.

15   LOS ALTOS OFFICE PLAZA, since July 1, 1982, has undergone construction and/or

16   "alterations, structural repairs, or additions", subjecting sch facility to disabled access

17   requirements of California Title 24, the State Building Code. Further, irrespective of the

18   alteration history, such premises are subject to the "readily achievable" barrier removal

19   requirements of Title III of the Americans with Disabilities Act of 1990.

20       6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are

21   unknown to JOHNSON, who therefore sues said Defendants by such fictitious names.

22   JOHNSON is informed and believes and alleges thereon that each of the Defendants herein

23   designated as "Doe" is legally responsible in some manner for the events and happenings

24   herein referred to and caused injury and damages proximately thereby to JOHNSON.

25   JOHNSON prays leave of Court to amend this Complaint to show such true names and

26   capacities when the same have been ascertained.

27       7. Defendants MICHAEL HUNGCHING TAO; and DOES 1-10, inclusive, are and

28   were the owners, subsidiaries, operators, lessees and/or lessors of the subject property

---

**COMPLAINT**                                                                                      3

1   and/or buildings at all times relevant to this Complaint. JOHNSON is informed and believes

2   and alleges thereon that each of the DEFENDANTS herein is the agent, employee or

3   representative of each of the other DEFENDANTS, and performed all acts and omissions

4   stated herein within the scope of such agency or employment or representative capacity

5   and is responsible in some manner for the acts and omissions of the other DEFENDANTS

6   in proximately causing the damages complained of herein.

7

8                          **FIRST CAUSE OF ACTION**
                   **DENIAL OF FULL AND EQUAL ACCESS TO**
9              **PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
              **(California Govt. Code §4450 et seq; Civil Code §§54, 54.1 et seq)**
10

11          8. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the

12   factual allegations contained in Paragraphs 1 through 7, above, and incorporates them

13   herein by reference as if separately plead hereafter.

14          9. JOHNSON and other similarly situated physically disabled persons, including

15   those who require the use of a wheelchair, are unable to use public facilities on a "full and

16   equal" basis unless each such facility is in compliance with the provisions of California

17   Government Code §4450 et seq. JOHNSON is a member of that portion of the public whose

18   rights are protected by the provisions of California Government Code §4450 et seq. and

19   Civil Code §§ 54 and 54.1.

20          10. Government Code §4450 et seq were enacted "to ensure that all buildings,

21   structures, sidewalks, curbs, and related facilities, constructed in this state by the use of

22   state, county, or municipal funds, or the funds of any political subdivision of the state shall

23   be accessible to and usable by persons with disabilities". On information and belief,

24   Government Code §4450 et seq apply to LOS ALTOS OFFICE PLAZA. Civil Code §54

25   provides that:"Individuals with disabilities or medical conditions have the same right as the

26   general public to the full and free use of the streets, highways, sidewalks, walkways, public

27   buildings, medical facilities, including hospitals, clinics, and physicians' offices, public

28   facilities, and other public places. " Civil Code §54.1 provides that: "Individuals with

1  disabilities shall be entitled to full and equal access, as other members of the general

2  public, to accommodations..." The codes relating to such public accommodations also

3  require that "[w]hen sanitary facilities are made available for the public, clients or

4  employees....they shall be made available for persons with disabilities." Title 24, California

5  Code of Regulations, formerly known as the California Administrative Code, was in effect

6  at the time of each alteration which occurred at such public facility since July 1, 1982, thus

7  requiring access complying with the specifications of Title 24 whenever each such

8  "alteration, structural repair or addition" was carried out. Defendants and/or their

9  predecessors in interest carried out alterations, structural repairs or additions to the subject

10  building and its parking facilities during the period Title 24 has been in effect.

11        11. JOHNSON has been a disabled individual since an accident left him paraplegic

12  in or about July 2009. His visit to LOS ALTOS OFFICE PLAZA, Unit 119, was on or about

13  May 23, 2017, where he expected and anticipated that he would not encounter barriers. He

14  arrived in his van and experienced barriers to access in violation of both federal and state

15  access for disabled people laws, including but not limited to the following:

16  •     JOHNSON experienced difficulties outside and entering because:

17              •     there is no path from the public right of way;

18              •     there is no tow away sign;

19              •     there is no path connecting the buildings on the site;

20              •     the front ramp slope is incorrect;

21              •     the front ramp flare side slope is extreme and dangerous;

22              •     the ADA path of travel from the parking lot has a vertical tripping
23                    hazard;

24              •     the ADA parking signs are incorrect;

25              •     the ADA access aisles are not blue;

26              •     the stamped "no Parking" is unclear;

27              •     the ISA sign stamped on the asphalt is faded;

28              •     the ADA parking surface slopes over 2%;

- the access aisle slopes over 2%;
- the curb ramp by Unit 119 slopes over 8.33%;
- the curb ramp by Unit 119 flare-side slope is dangerous;
- the ADA parking by Unit 119 is short;
- the ISA sign by Unit 119 is faded;
- the ADA  "No Parking" letters are small; and
- the ADA parking signage by Unit 119 is not compliant.

- JOHNSON experienced difficulties inside the location because:
  - the front door has a slope on the pull side;
  - the front door is too heavy;
  - the front door is fast-closing;
  - the back door by Unit 119 is too heavy;
  - the back door by Unit 119 is fast-closing;
  - the back door by Unit 119 has a slope on the pull side;
  - the bathroom door by Unit 119 has no ISA sign;
  - the bathroom door by Unit 119 is fast-closing;
  - the bathroom door by Unit 119 is heavy to operate;
  - the lock for the bathroom door by Unit 119 requires wrist-twisting to operate;
  - the Unit 119 door is heavy; and
  - the Unit 119 door is fast-closing.

JOHNSON was worried, humiliated and embarrassed at not being able to properly access and use the facilities. These barriers have rendered LOS ALTOS OFFICE PLAZA and its premises illegally inaccessible to and unuseable by physically disabled persons, including JOHNSON. All facilities must be brought into compliance with applicable federal and state statutory and regulatory requirements, according to proof.

1      12. Further, each and every violation of the Americans with Disabilities Act of

2  1990 (as pled in the Third Cause of Action below), also constitutes a separate and

3  distinct violation of California Civil Code §54©, thus independently justifying an award of

4  damages and injunctive relief pursuant to California law, including but not limited to, Civil

5  Code §§54.3 and 55.

6      13. Further, each and every violation of the Americans with Disabilities Act of

7  1990 (as pled in the Third Cause of Action below), also constitutes a separate and

8  distinct violation of California Civil Code §54.1(d), thus independently justifying an award

9  of damages and injunctive relief pursuant to California law, including but not limited to,

10  Civil Code §§54.3 and 55.

11      14. JOHNSON seeks injunctive relief to prohibit the acts and omissions of

12  DEFENDANTS, and each of them, as complained of herein, which are continuing on a

13  daily basis and which have wrongfully excluded JOHNSON and other similarly situated

14  members of the public from full and equal access to these public facilities. Such acts

15  and omissions are the cause  of humiliation and mental and emotional suffering of

16  JOHNSON in that these actions continue to treat JOHNSON as an inferior and second

17  class citizen and serve to discriminate against him on the sole basis that he is a person

18  with a disability who requires the use of a wheelchair for movement. JOHNSON is

19  unable, so long as such acts and omissions of DEFENDANTS, and each of them,

20  continue, to achieve equal access to and use of these public facilities, and has been

21  harmed as a result of trying to access the facilities and/or has been deterred and unable

22  to access the facilities. JOHNSON alleges that he intends to return once legally required

23  access has been provided. The acts of DEFENDANTS, and each of them, have

24  proximately caused and will continue to cause irreparable harm and injury to JOHNSON

25  if not enjoined by this court.

26      15. Whereas, JOHNSON asks this court to preliminarily and permanently enjoin

27  any continuing refusal by DEFENDANTS, and each of them, to grant full and equal

28  access to JOHNSON in the respects complained of and to require DEFENDANTS, and

---

**COMPLAINT**

1  each of them, to comply forewith with the applicable statutory requirements relating to
2  access for disabled persons. Such injunctive relief is provided by  California Government
3  Code §4452 and California Civil Code §55, and other law. JOHNSON further requests
4  that the court award damages pursuant to Civil Code §54.3 and other law and attorney
5  fees, litigation expenses, and costs pursuant to Civil Code §54.3 and 455, Code of Civil
6  Procedure §1021.5 and other law, all as hereinafter prayed for.

7       16. As a result of the denial of equal access to this facility, and due to the acts
8  and omissions of DEFENDANTS, and each of them in owning, subsidizing, operating,
9  leasing, constructing, altering and maintaining the subject facilities, JOHNSON suffered
10 a violation of his civil rights, including but not limited to, rights under Civil Code §§54 and
11 54.1, all to his damages per Civil Code §54.3, including general, statutory and treble
12 damages, as hereinafter stated. DEFENDANTS', and each of their, actions and
13 omissions to act constitute discrimination against JOHNSON on the sole basis that he
14 was and is physically disabled and unable, because of the architectural and other
15 barriers created and/or maintained by the DEFENDANTS in violation of the subject laws,
16 to use the public facilities on a full and equal basis as other persons.

17      17. At all times herein mentioned, DEFENDANTS, and each of them, knew, or in
18 the exercise of reasonable diligence should have known, that their barriers and practices
19 at their subject facility violated disabled access requirements and standards and had a
20 discriminatory affect upon JOHNSON and upon other physically disabled persons, but
21 DEFENDANTS, and each of them, have failed and refused to rectify these violations,
22 and presently continue a course of conduct of failure to remove architectural barriers
23 that discriminate against JOHNSON and similarly situated disabled persons.

24      18. As a result of DEFENDANTS', and each of their, acts, omissions and conduct,
25 JOHNSON has been required to incur attorney fees, litigation expenses and costs, in
26 order to enforce his rights and to enforce provisions of the law protecting access for
27 disabled persons and prohibiting discrimination against disabled persons. JOHNSON
28 therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the

COMPLAINT                                                                    8

1  provisions of California Civil Code §§54.3 and 55. Additionally, JOHNSON's lawsuit is

2  intended to require that DEFENDANTS, and each of them, make their facilities

3  accessible to all disabled members of the public, justifying "public interest" attorney fees

4  and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and

5  other applicable law.

6      WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter

7  stated.

8                    **SECOND CAUSE OF ACTION**
   **VIOLATION OF CALIFORNIA LAW: UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§51,**
9  **52, and AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE**
   **§51(f)**
10

11     19. JOHNSON pleads and incorporates by reference, as if fully set forth herein,

12  the factual allegations contained in Paragraphs 1 through 18, above, and incorporates

13  them herein by reference as if separately plead hereafter.

14     20. At all times relevant to this complaint, California Civil Code §51 has provided

15  that physically disabled persons are free and equal citizens of the state, regardless of

16  medical condition or disability.

17     21. California Civil Code §52 provides that discrimination by DEFENDANTS, and

18  each of them, against JOHNSON on the basis of his disability constitutes a violation of

19  the anti-discrimination provision of §51 and 52.

20     22. DEFENDANTS', and each of their, discrimination also constitutes a separate

21  and distinct violation of California Civil Code §52.

22     23. Any violation of the Americans with Disabilities Act of 1990 (as pled in the

23  Third Cause of Action) constitutes a violation of California Civil Code §51(f) thus

24  independently justifying an award of damages and injunctive relief pursuant to California

25  law.

26     24. The acts and omissions of DEFENDANTS, and each of them, as herein

27  alleged constitute a denial of access to and use of the described public facility by

28  physically disabled persons within the meaning of California Civil Code §§51 and 52. As

---

**COMPLAINT**                                                                                    9

1  a proximate result of DEFENDANTS', and each of their, actions and omissions,
2  DEFENDANTS, and each of them, have discriminated against JOHNSON in violation of
3  California Civil Code §§51 and 52.

4       25. As a result of DEFENDANTS', and each of their, acts, omissions and conduct,
5  JOHNSON has been required to incur attorney fees, litigation expenses and costs as
6  provided by statute, in order to enforce his rights and to enforce provisions of the law
7  protecting access for disabled persons and prohibiting discrimination against disabled
8  persons. JOHNSON therefore seeks recovery of all reasonable attorney fees and costs,
9  pursuant to the provisions of California Civil Code §§51 and 52. Additionally,
10 JOHNSON's lawsuit is intended to require that DEFENDANTS, and each of them, make
11 their facility accessible to all disabled members of the public, justifying "public interest"
12 attorney fees and costs pursuant to the provisions of California Code of Civil Procedure
13 §1021.5 and other applicable law.

14      WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
15 stated.

16                          **THIRD CAUSE OF ACTION**
    **VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990**
17                          **42 U.S.C. §§12101 et seq**

18
19      26. JOHNSON pleads and incorporates by reference, as if fully set forth herein,
20 the factual allegations contained in Paragraphs 1 through 25, above, and incorporates
    them herein by reference as if separately plead hereafter.
21
22      27. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress'
23 stated purpose, in relevant part, was to mandate a national prohibition of discrimination
    against physically disabled persons and to provide standards to address the
24 discrimination.
25
26      28. As part of the ADA, Congress passed the definition of " Public
    Accommodation" to include "...other sales or rental establishment" (42 U.S.C.
27 §12181(7)(E).
28

---

**COMPLAINT**                                                                          10

29. The ADA clearly states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. §12182. The specific prohibitions against discrimination included, but were not limited to the following:

(a) §302(b)(1)(A)(ii): "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

(b) §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."

© §302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services..."

(d) §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities...where such removal is readily achievable;" and

(e) §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable."

1    The acts and omissions of DEFENDANTS, and each of them, set forth herein
2  were in violation of JOHNSON's rights under the ADA and the regulations promulgated
3  thereunder, 28 CFR Part 36 et seq.

4    30. The removal of each of the barriers complained of by JOHNSON as alleged
5  above were at all times herein mentioned since January 26, 1992 "readily achievable"
6  under the standards of §302 of the ADA. As noted above, removal of each and every
7  one of the architectural barriers complained of herein were also required under
8  California law. Further, on information and belief, alterations, structural repairs or
9  additions since January 26, 1993, have also independently triggered requirement for
10  removal of barriers to access for disabled persons per §303 of the ADA.

11    31. JOHNSON is informed and believes and alleges thereon that, as of the date
12  of his encounter of the premises and as of the filing of this Complaint, the premises have
13  denied and continue to deny full and equal access to JOHNSON and to other disabled
14  persons in other respects which violate JOHNSON's rights to full and equal access and
15  which discriminate against JOHNSON on the basis of his disability, thus wrongfully
16  denying to JOHNSON the full and equal enjoyment of the goods, services, facilities,
17  privileges, advantages and accommodations, in violation of §§302 and 303 of the ADA.

18    32. JOHNSON is informed and believes and alleges thereon that DEFENDANTS,
19  and each of them, have continued to violate the law and deny the rights of JOHNSON
20  and other disabled persons' access to LOS ALTOS OFFICE PLAZA since on or before
21  JOHNSON's encounters, as previously noted. Pursuant to the ADA, §308, 42 U.S.C.
22  12188 et seq, JOHNSON is entitled to the remedies and procedures set forth in §204(a)
23  of the Civil Rights Act of 1964, 42 U.S.C. 2000a-3(a), as JOHNSON is being subjected
24  to discrimination on the basis of disability in violation of the ADA or has reasonable
25  grounds for believing that he is about to be subjected to discrimination. Pursuant to
26  §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief
27  shall include an order to alter facilities to make such facilities readily accessible to and
28  useable by individuals with disabilities to the extent required by this title."

**COMPLAINT**

1    33. JOHNSON seeks relief pursuant to remedies set forth in §204(a) of the Civil

2  Rights Act of 1964, 42 U.S.C. 2000a-3(a), and pursuant to Federal Regulations adopted

3  to implement the ADA. JOHNSON is a qualified disabled person for purposes of §308(a)

4  of the ADA who is being subjected to discrimination on the basis of disability in violation

5  of Title III and who has reasonable grounds for believing he will be subjected to such

6  discrimination each time he attempts to use the facilities at LOS ALTOS OFFICE

7  PLAZA.

8    WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter

9  stated.

10                                **PRAYER**

11    JOHNSON prays that this court:

12    1. Issue a preliminary and permanent injunction directing DEFENDANTS, and

13  each of them, as current owners, subsidiaries, operators, lessors, and/or lessees of the

14  property and premises to modify the above-described property and premises and related

15  facilities so that each provides full and equal access to all persons, including persons

16  with physical disabilities such as wheelchair users, and issue a preliminary and

17  permanent injunction directing DEFENDANTS, and each of them, to provide facilities

18  useable by JOHNSON and similarly situated persons with disabilities, and which provide

19  full and equal access, as required by law, including appropriate changes in policy;

20    2. Retain jurisdiction over the DEFENDANTS, and each of them, until such time

21  as the court is satisfied that DEFENDANTS', and each of their, unlawful policies,

22  practices, acts and omissions, and maintenance of inaccessible public facilities as

23  complained of herein no longer occur and can not recur;

24    3. Award to JOHNSON all appropriate damages, including but not limited to

25  statutory damages, personal injury damages, general damages, and treble damages in

26  an amount within the jurisdiction of the court, all according to proof;

27    4. Award to JOHNSON all reasonable statutory attorney fees, litigation expenses,

28  and costs of this proceeding as provided by law;

---

**COMPLAINT**                                                                    13

1    5. Award prejudgement interest pursuant to California Civil Code §3291; and

2    6. Grant such other and further relief as this court may deem just and proper.

3

4    Dated: _____11/15_____, 2017          SARRAIL, CASTILLO & HALL, LLP

5

6                                                        By:_____
                                                              *Monica Castillo*
7                                                             Monica Castillo
                                                             Attorneys for Plaintiff
8                                                            RICHARD JOHNSON

9                                        **DEMAND FOR JURY**

10    JOHNSON hereby demands a jury for all clams for which a jury is permitted.

11

12    Dated: _____11/15_____, 2017          SARRAIL, CASTILLO & HALL, LLP

13

14                                                       By:_____
                                                              *Monica Castillo*
15                                                            Monica Castillo
                                                             Attorneys for Plaintiff
16                                                           RICHARD JOHNSON

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**                                                                            14