1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8

RICHARD JOHNSON,

Plaintiff,

9

v.

10

LOS ALTOS OFFICE CENTER
CORPORATION, INC. and Does 3-10,
inclusive,

11

12

Defendants.

13

Case No. 17-cv-06618-VKD

**ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND THE THIRD
AMENDED COMPLAINT**

Re: Dkt. No. 40

14

15

16

17

18

19

20

21

22

Plaintiff Richard Johnson claims that he is a disabled person who was denied full and equal access due to architectural barriers he says he encountered during a May 23, 2017 visit to facilities owned or operated by defendant Los Altos Office Center Corporation, Inc. ("LAOCC"). The Third Amended Complaint ("TAC"), the operative pleading,[1] asserts three claims for relief under (1) California Government Code § 4450 *et seq*. and California Civil Code §§ 54, 54.1 *et seq*., (2) the Unruh Civil Rights Act, California Civil Code §§ 51, 52 and the Americans with Disabilities Act as incorporated by Civil Code § 51(f), and (3) the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*.

23

24

25

26

Mr. Johnson now moves for leave to amend the TAC to include additional dates of his visits to the subject property. LAOCC has not filed any response to the motion, and briefing on the matter is closed. Civ. L.R. 7-3. Upon consideration of the papers presented, as well as the discussion held at the October 30, 2018 hearing, the Court grants Mr. Johnson's motion for leave

27

28

---

[1] Mr. Johnson's prior complaints were brought against different defendants who have been voluntarily dismissed or otherwise dropped from these proceedings.

1    to amend the TAC.

2         Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and

3    provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P.

4    15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is committed to the

5    sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave

6    need not be granted, however, where the amendment would cause the opposing party undue

7    prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman*

8    *v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the

9    remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to

10    amend." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

11         In addition to the May 23, 2017 visit to the subject property, Mr. Johnson would like to

12    amend the TAC to include additional visits he says he made on dates in October, November and

13    December 2016, as well as in January 2017. Although Mr. Johnson states that the parties have

14    already held a joint site inspection, he argues that LAOCC will not be prejudiced because his

15    allegations about the access barriers will remain the same. Dkt. No. 40 at 2-3, 5.[2] It is not clear

16    why Mr. Johnson has only recalled these additional visits now, nearly one year into this litigation.

17    Nevertheless, his counsel avers that she filed the present motion promptly after being advised by

18    Mr. Johnson about the additional visits. *Id.* at 3-5. And as noted above, LAOCC has not filed any

19    response to Mr. Johnson's motion to amend, indicating that it does not oppose Mr. Johnson's

20    proposed amendment. On this record, the Court finds that the requested the amendment would not

21    cause LAOCC undue prejudice, is not sought in bad faith, does not constitute an exercise in

22    futility, and does not create undue delay.

23         Accordingly, Mr. Johnson's motion for leave to amend the TAC to include the additional

24    visits to LAOCC is granted. However, Mr. Johnson will not be permitted to file his proposed

25    amendment (Dkt. No. 40 at 8), which simply identifies the text in the TAC he wishes to replace

26    and the additional text he wishes to add to that pleading. Instead, Mr. Johnson must file a new

27

28    [2] All pin cites are to the page number that appears in the ECF header on Mr. Johnson's court
filings.

1    pleading, titled Fourth Amended Complaint, that includes the amendments he is being permitted to

2    make. *See* Civil L.R. 10-1. Mr. Johnson shall file his Fourth Amended Complaint no later than

3    **November 2, 2018**. LAOCC's response to the Fourth Amended Complaint must be filed no later

4    than **November 16, 2018**. Fed. R. Civ. P. 15(a)(3).

5        **IT IS SO ORDERED.**

6    Dated: October 30, 2018

7

                                 VIRGINIA K. DEMARCHI

8                                 United States Magistrate Judge

3